### *GRAVIER ET AL.* vs. *GRAVIER.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The prescription of thirty years does not necessarily extinguish all debts.

Bertrand Gravier became insolvent in France in 1783, and entered into a concordat with his creditors, by which, on certain conditions, he obtained an indefinite respite for the payment of their claims. He died in New-Orleans in 1787, and his effects were adjudicated to the appellant, John

E 3

GRAVIER ET AL
*vs*
GRAVIER.

Gravier, coheir with the appellees of Bertrand Gravier, on condition that he should pay the debts of the estate.

In 1824 the appellees sued for a partition, and obtained judgment against John Gravier for $22,083 75, provided the plaintiffs gave bond in the sum of $15,069, to indemnify the defendant in case he should be compelled to pay any of the creditors of Bertrand Gravier, under the conditions of the adjudication.

On the 27th November, 1830, a rule was taken by the plaintiff to shew cause why the bond given in conformity to to the above decree should not be cancelled, inasmuch as all claims against the estate of Bertrand Gravier were barred by prescription. The court ordered the rule to be made absolute, and the defendant appealed.

*Dennis* for appellee.

*Young* for appellant.

*Porter J.* delivered the opinion of the court.

The plaintiffs gave to the defendant a bond of indemnity, to save him harmless from the claims of the creditors of Bertrand Gravier's estate. Thirty years having elapsed since the opening of the succession, the obligors applied to the court of the first instance to have the bond cancelled, averring that all claims had become extinguished by prescription. The court sustained this application, and the defendant appealed.

The prescription of thirty years does not necessarily extingush all debts.

We think the court erred. The prescription of thirty years does not necessarily extinguish all debts. There may be among the creditors some, against whom prescription did not run for a portion of the time just stated. When the obligor of an instrument such as this asks to have it cancelled, it is not sufficient he should render it probable no injury will occur; he ought to place the matter beyond doubt before the obligee can be deprived of his security. If the debts are all discharged, little injury is sustained by the plaintiffs in suffering the instrument to remain;—if, on the contrary, any yet

exist, a great hardship would be inflicted by depriving the defendant of the protection against them which the bond affords.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be reversed. And it is further ordered, that the rule taken in this case be discharged, the appellee paying costs in both courts.