LANCLOS vs. ROBERTSON.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE
SECOND PRESIDING

The *bona fide* endorsee of a promissory note is not responsible for any
equity existing between the maker and payee; but where the considera-
tion of the note was a transaction between the maker and the party to
whom it was endorsed; and the note was made payable to a third person
to obtain his security, the equity may be gone into in an action between
the endorsee and maker.

This was a suit by the endorsee against the maker of a pro-
missory note, to which the latter pleaded that the note was
given in part payment for land purchased of the plaintiff, to
which he represented he had a good title, when in fact he had
no title at all, by which false representation the respondent
had been deceived, defrauded and damaged to a greater
extent than the amount of the note. He further alleged,
that the note had never been assigned. To prove the defence
interrogatories were propounded to the plaintiff, to which the
latter excepted, on the ground that as third possessor of the
note, which was apparent on the face of the instrument, he
could not be ruled to answer. The court sustained the excep-
tion. There was judgment for the plaintiff, and the defendant
appealed.

*Porter, J.* delivered the opinion of the court.

This is an action by the endorsee of a promissory note
against the maker. The instrument is annexed to the petition.
By it, the defendant one year after date, promised to pay
Joseph Thompson, or order, five hundred and fifty-three
dollars and sixty-two and a half cents, with interest at the
rate of ten per centum from date, until payment. It is
endorsed by the payee in blank.

The defendant pleaded that the note had not been assigned
to the petitioner.

That it was given in payment of part of the land which
the petitioner sold to him as clear of all incumbrance, and

that the titles had been confirmed by the board of commissioners appointed by the government of the United States, when in truth and fact, said titles had not been so confirmed ; whereby the defendant was deceived and defrauded, and has suffered damage to an amount greater than that claimed in the petition.

That this land has been since returned to the General Land Office of the United States, as public land, and that the defendant is thereby liable to great damage and loss.

And finally, that the title to two and a half arpents of land, which the petitioner sold to the defendant, stands on the records of the parish where the property is situated in the name of Alexander Lanclos, and that the plaintiff ought not to recover until he assures to the defendant a good title to the premises purchased.

To this answer, the defendant annexed the following interrogatories.

1. Did you not represent to this defendant when you sold him the land which constitutes a part of the tract on which he now resides, and for which the note sued on was in part given, and have you not made the same representation since the said sale, that the title to said land had been submitted to the United States board of commissioners for the adjudication of land claims in the state of Louisiana, and that they had been confirmed by them ?

2. Was not the note sued on given in part *pay* for the land purchased by defendant of you ?

3. Has not the land been returned to the General Land Office of the United States as public land, and is not the same liable to sale under a law of Congress ?

4. Have you ever procured the title for two and one-fourth acres of land from Alexander Lanclos, which land you sold to said defendant, and has said title been recorded in the parish of Iberville ?

To these interrogatories the plaintiff excepted on the ground that as third possessor of the note, as it was apparent on the face of the instrument, he could not be ruled to answer them.

Of that opinion was the judge who tried the cause, and no other ground being presented against the plaintiff's right of recovery, he gave judgment for the amount claimed in the petition. From that judgment the defendant appealed.

On the ground presented by the exceptions taken to the interrogatories, we are clear the judge erred. It is true the *bona fide* endorsee of a negotiable note is not responsible for, and cannot be affected by any equity existing between the maker and payee. But if the consideration for the note proceeded from a transaction between the maker and the endorsee, and the note was thrown into a negotiable form to obtain the security of a third person, then the rules applicable to notes negotiable, do not apply where that endorsee is plaintiff; and the reasons on which the party taking the note is protected against the latent equities existing between the maker and payee, totally fail. Now if it were true, as the interrogatory implies, that the consideration of this note was a tract of land sold by the plaintiff to the defendant, then it follows the former did not receive the note from the payee for a valuable consideration, and it equally follows that the case is open to every inquiry it would be open to, had the instrument been directly payable to the plaintiff himself.

We, therefore, think the exceptions should have been overruled, and the plaintiff ordered to answer the interrogatories. Whether the facts stated in them would authorise the defendant to claim a reduction of the price, or merely demand security in case he should be evicted, are questions which need not, and indeed cannot be inquired into, at this stage of the proceedings.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed: And it is further ordered, adjudged and decreed, that this case be remanded to said court with directions to the judge not to sustain the exceptions filed to the interrogatories propounded by the defendant: And it is further ordered, that the appellee pay the costs of this appeal.

---

*Margin notes:*

Eastern Dist. January, 1832.

LANCLOS
*vs.*
ROBERTSON.

The *bona fide* endorsee of a promissory note is not responsible for any equity existing between the maker and payee; but where the consideration of the note was a transaction between the maker and the party to whom it was endorsed, and the note made payable to a third person to obtain his security, the equity may be gone into in an action between the endorsee and maker.