John T. Winn *v.* John K. Elgee.

The possession of a debtor against whom a judgment has been rendered, is divested by the legal seizure under a *fieri facias*, and is vested in the Sheriff until the property is disposed of. He is regarded as the rightful possessor, and can maintain an action of trespass against any person disturbing him in such possession. It is his duty to take the property into actual possession. If it be a plantation, it remains sequestered in his custody until the sale, and he may appoint a keeper or manager; and if resisted in the execution of his orders, may employ force, and summon the *posse comitatus.* C. P. 656 to 662, and 762.

The legal effect of an adjudication under a *fieri facias*, is to transfer to the purchaser all the rights and claims of the party in whose hands it was seized, (C. C. 2589. C. P. 690); and the Sheriff is bound, thereupon, to pass an act of sale to the purchaser, and to put him in possession of the property sold. C. P. 691.

After an adjudication under a *fi. fa.*, which divests the defendant in execution of his title to the property, he can no longer be considered as possessing as owner, which is essential to maintain a possessory action. C. P. 47. He must, if he still claims the property, resort to a direct action to annul the Sheriff's sale.

Winn v. Elgee.

Appeal from the District Court of Avoyelles, *King*, J.

*Edelen*, for the appellant.

*Elgee*, and *T. H. Lewis*, for the defendant, and his warrantor.

Morphy, J. This is a possessory action, in which the peti·
tioner alleges, that on the 17th of March, 1842, a certain tract of
land was sold and delivered to him by David Winn, who had pos-
sessed it as owner for several years previously, and that he (the
petitioner) continued to hold it as owner until some time in No-
vember of the same year, when the defendant felled, and removed
timber from said land, and took possession of a part of it, and
committed other disturbances. He prays for damages, and to be
quieted in his possession. The defendant, after pleading the
general issue, answers, that he acquired by purchase from H.
Taylor, with full warranty, the land which plaintiff avers he has
illegally taken possession of, and prays that his vendor be cited in
warranty. The warrantor pleaded, that he purchased the land at
a sale made by the Sheriff of the parish of Avoyelles, on the 3d
of September, 1842, which sale was made under an execution to
satisfy a judgment in favor of Follain, Bellocq & Degelos against
David Winn ; that the land was sold with the consent and know-
ledge, and by the direction of the plaintiff, and that the Sheriff
delivered to him possession of the premises, which he afterwards
sold and delivered to the defendant Elgee, who has since been in
the legal possession of the same ; that if plaintiff ever had posses-
sion of the land, he has been divested of it, and that this suit is
brought with the intention of indirectly attacking the Sheriff's
sale to him, which could only be done in a direct action. There
was a judgment below in favor of the defendant, from which this
appeal has been taken.

The evidence shows, that on the 9th of August, 1838, David
Winn, the plaintiff's vendor, executed a mortgage on the property
in question, in favor of Lastrapes, Desmare & Co., to secure the
payment of $3250 25, payable in three notes, each for $1083 41,
falling due on the 1st of April, of the years 1839, 1840, and 1841.
The two first notes were paid, and the last one was transferred
to Follain, Bellocq & Degelos, who recovered a judgment on it
in the District Court of Avoyelles, which was recorded on the
18th of November, 1841. On the 7th of March, 1842, David

Winn sold the land, thus mortgaged, to the plaintiff John T. Winn; and in this act of sale, the latter stipulated to pay a "debt due by his vendor to the former firm of Lastrapes, Desmare & Co. now belonging to Follain, Bellocq & Co. supposed to amount to fourteen, or fifteen hundred dollars," &c. On the second of June, 1842, an execution was issued; and by the clerk's endorsement thereon, the Sheriff was directed to seize the land mortgaged to Lastrapes, Desmare & Co. It further appears, that the plaintiff gave the Sheriff written instructions to seize and sell the property, "as though it was at present owned and held by David Winn," thereby waiving the necessity of proceeding against him as a third possessor. The seizure and sale were accordingly made, and the land was adjudicated to H. Taylor for $1200, and by him sold to Elgee. The plaintiff having afterwards refused to allow the purchaser to take possession of the land, the Sheriff was applied to, and he put the defendant in possession.

Under these facts, it is contended on the part of the plaintiff, that the Sheriff had no power to give actual possession to the purchaser of land sold by him under execution, when to do so, it was necessary forcibly to expel the judgment debtor, &c.

Whatever may be the rights and obligations of Sheriffs in the execution of writs of *fieri facias* placed in their hands in other States, we have no hesitation in saying that, under our laws, the Sheriff who makes a sale under execution, has the power of putting the purchaser in possession of the property thus sold. The possession of the judgment debtor is divested by the legal seizure under the writ of *fieri facias*; it is vested in the Sheriff, until the property is disposed of; that officer is considered as the rightful possessor, and can maintain an action of trespass against any person disturbing him in such possession. It is made his duty to take into actual possession the thing seized. If it be a plantation, it shall remain sequestered in his custody until the sale, and he has authority to appoint a keeper, or overseer to manage it; and if, in the execution of his orders he meets with resistance, he may employ force, and may summon the *posse commitatus* to overcome it. 5 Mart. 8, 268; 8 Ib. N. S. 661; 1 Robinson, 42; Code of Practice, arts. 656 to 662, 762. When the adjudication is made, its legal effect is to transfer to the purchaser all the rights and claims

which the party in whose hands the property was seized, might have had to it. Civil Code, art. 2598 ; Code of Practice, art. 690. The Sheriff is thereupon bound to pass an act of sale to the purchaser, and to surrender to him the possession of the property sold. Code of Practice, art. 691. After this adjudication, which divests the defendant in execution of his title to the property, he can no longer be considered as possessing as owner, which is an essential requisite to maintain the possessory action. Code of Practice, art. 47 ; 2 La. 227. The doctrine contended for by the appellant, would lead to the strange conclusion, that every purchaser at a sheriff's sale would be driven to the necessity of instituting a petitory action, to be put in possession of property he had bought and paid for.

It has been further contended, that the adjudication transferred no rights whatever to the purchaser, because the certificate read by the Sheriff at the time of the sale, showing the existence of a special mortgage in favor of Lastrapes, Desmare & Co., for $3250 26, and the bid of H. Taylor not exceeding that sum, no adjudication could legally take place. To this it has been answered satisfactorily, we think, that although the proposition be true in general, it has no application to this case, because the sale was made under, and for the purpose of paying that very special mortgage, or the balance due on it ; that this fact was well known to the plaintiff, who, in his purchase from D. Winn, stipulated to pay that very debt ; and that the sale would have been legal, even if no part of this special mortgage had been previously paid. Code of Practice, art. 685. But this point might not have been considered, as it is clear that the plaintiff, having been divested of any possession he ever had of the property in question, cannot maintain a possessory suit, and should have resorted to a direct action to annul the Sheriff's sale.

*Judgment affirmed.*