George W. Copley *v.* William T. McFarland.

Where the defendant denies that any consideration was given for a promissory note on which he is sued, the plaintiff must prove the consideration, or he cannot recover.

Appeal from the District Court of Madison, *Curry,* J.
*Copley,* appellant. pro se.

*Stacy* and *Seale*, for the defendant.

MORPHY, J.   The defendant is sued on a note for $347 20, drawn by his former tutor, John T. Mason, to the order of Moore, Burroughs & Co., and by the latter endorsed to the plaintiff.   It is alleged that this note was given for a gin stand, &c., furnished for the plantation of the defendant while he was a minor, and that the same turned to his use and benefit.   There was a judgment by default rendered in the case and confirmed, but the same having been set aside, on a motion for a new trial, the defendant answered, averring, among other matters of defence, that neither he, nor John T. Mason, nor any other person authorized to do so, ever purchased of Moore, Burroughs & Co., any gin stand for his use, but that the note sued on was obtained from his (defendant's) late tutor, John T. Mason, by fraud and misrepresentation on the part of the payees, and without any consideration ; and that the plaintiff, who received this note after maturity, has taken it subject to all equities which might have been pleaded against the original holders or payees.   On interrogatories being put to the plaintiff in an amended answer, he acknowledged that the note was yet the property of Moore, Burroughs & Co.; and that he received it for collection from Joseph H. Moore, one of the firm, with a request that he should sue in his name.   There was a judgment below as in case of non-suit, and the plaintiff appealed.

The evidence, in our opinion, sustains the defence set up in this case, and the judgment of the inferior court.   It appears that John T. Mason, shortly after he had been appointed tutor to the defendant, was presented with an account for a gin stand furnished to his ward by Moore, Burroughs & Co., and was persuaded by Joseph H. Moore, one of the firm, to give the note sued on for its amount ; that some time after, in looking over the papers of David McEachann, the first tutor of the defendant, he found a receipt for the only gin stand that he ever knew to be on defendant's place ; that from this receipted account the gin stand appeared to have been bought from, and the price of it to have been paid to D. G. Barlow & Co.   John T. Mason testifies that, had he seen the receipt afterwards discovered among the papers of David McEachann, he would not have made the

note ; but that he gave it on the representations of Joseph H. Moore. No attempt was made on the trial, to prove that Moore, Burroughs & Co. ever delivered a gin stand to the defendant, nor that the one on the place was sold by them. On the evidence adduced by the defendant, it was incumbent on the plaintiff to show the consideration given for the note. 6 Mart. N. S. 566. 2 La. 457. 3 La. 261.

*Judgment affirmed.*