## EUPHRASIE D'APREMONT *v.* JEREMIAH BERRY.

The principle, that the payment of the sum for which a litigious right is sold, discharges it, is not applicable to a forced sale, but merely applicable to conventional assignments.

The act of March 17th, 1823, disqualifying an insolvent from being a witness in any suit brought by his creditors against his estate, was repealed by the subsequent enactments of the Civil Code. The law only applied, during its existence, to surrenders of property under the State laws.

In a suit, the object of which is to establish the extent of the community, a receipt given by the husband to the wife is admissible in evidence; the objection being as to its effect and not as to its admissibility.

APPEAL from the Parish Court of the Parish of Orleans, *Maurian, J. P. Soulé* and *Seth Barton*, for plaintiff. *Duncan*, for defendant. *Hennen*, for intervenor. The judgment of the court *(Preston, J.*, not sitting in the case, having been of counsel) was pronounced by

ROST, J. The plaintiff claims some town property bequeathed to her by her sister, the late wife of the defendant. The defendant claims one-half of the value of the improvements made on the property during the existence of the marriage, and as he alleges with the funds of the community.

After issue joined, *Jesse Cowand*, a judgment creditor of *Berry*, caused the rights and claims of the said *Berry* in the suit to be sold under execution, and purchased them for the sum of $105. He then intervened and caused himself to be recognized as the real defendant in interest. At this stage of the proceedings, the plaintiff tendered one hundred and five dollars to *Cowand*, and claimed to be released by the payment of that sum.

It has been settled by repeated decisions, that the principle that the payment of the sum for which a litigious right is sold discharges it, is not applicable to a forced sale, but merely to conventional assignments between individuals capable of contracting. 7 N. S. 228. 4 L. R. 395. *Early* v. *Black*, 12 L. R. 205. Code of Practice, 690. C. C. 2624, No. 2.

The case not being in a situation to be tried on its merits, we can only pass upon the bills of exception.

The first was taken to the refusal of the court to admit the testimony of *Jeremiah Berry*, who had been discharged as a bankrupt by the District Court of the United States, after the sale of his rights in this suit to *Cowan*. The court refused to hear him, and based its refusal on a law passed in 1823, declaring the insolvent incapable of appearing as a witness in any civil suit brought either by the mass of the creditors or by any of his debtors or creditors.

This act of 1823 was passed with exclusive reference to insolvents who had made a surrender, either voluntary or forced, of their property under the State laws, and still remained liable for their debts, if they came to better fortune. It would not, if it was still in force, be applicable to insolvents discharged from their obligations under the bankrupt law. But that act is no longer in force. The section relied on contains also a provision that the drawer of a note shall never, in any case whatever, be admitted as a witness in suits brought by the holder against the endorsers.

In the case of *Waters* v. *Petrovich* and *Blanchard*, 19 L. R. 584, it was held, "that all acts of the Legislature, in every case for which it had been provided by the code, were repealed by the repealing clause forming the subject matter of art. 3521; that the code only lays down general rules, and that the expression *every case* used in the article, means every category or class of cases or subject matter upon which the code contains express provisions; that the part of the code which treats of the proof of obligations and of that of payments, establishes general rules relating to the cases in which testimonial proof may be admitted, and under what restrictions and in what cases it is inadmissible; that it declares who shall be a competent witness and enumerates certain exceptions to the rule it establishes; that, but for the last article of the code, the provision in the act of 1823 might be considered as another exception to that rule; but that it clearly comes within the letter and spirit of the repealing clause and is no longer in force."

This view of the law, in which we concur, is equally applicable to the case under consideration, and in conformity with it we held, in the case of *West* v. *His Creditors*, that the discharged bankrupt was a competent witness, when called to testify against his own interest. In this case, the title of the insolvent to the claim in controversy had passed from him before his failure, and he could have no interest in the event of the suit. 1st Ann. 365.

The second bill of exceptions was to the opinion of the court admitting in evidence a due bill or receipt given by *Berry* to his wife during marriage. The objection raised goes to the effect, not to the admissibility of the evidence. It is admissible as a declaration of *Berry* tending to charge him. But under the rule of law *c'est donner à sa femme que de reconnaître en avoir reçu quoique ce soit*, it may not be sufficient, *per se*, even against the husband. As a general rule the origin of paraphernal funds should be shown. *Succession of Guillemain*, 2d Ann. 634.

One of the main issues in the cause is, whether the improvements of which the defendant claims the value were paid for out of community funds. Under that issue, the evidence offered by the plaintiff to show private funds of the deceased in the hands of her husband, to any amount not exceeding the value of the improvements, was admissible without a plea in reconvention.

It is ordered, that the judgment in this case be reversed, and the case remanded for further proceedings according to law; with directions to the district judge to admit the insolvent as a witness. It is further ordered, that the plaintiff and appellee pay the costs of this appeal.