E. DELESPARE, Wife of J. VEZIN, Tutrix, &c., v. D. WARNER et al.

Where a petitory action has been brought to recover land sold under an execution, defendants should offer in evidence the record and judgment in the suit under which the execution issued.

But where it is shown by the execution, and Sheriff's return, and the notices served, that the property in controversy has been sold, and the defendant put in possession as owner, and that a part of the price has been applied to the credit of plaintiff, he cannot bring a petitory action and ignore the existence of the sale, and treat the proceedings as having no existence; he must resort to an action of nullity to set aside the sale, if it be irregular or illegal.

APPEAL from the Second District Court of New Orleans, *Morgan, J.*
V. F. Cotton, for plaintiff and appellant. L. U. Gaiennie and Hunt & Denègre, for defendants.

MERRICK, C. J. This is a petitory action to recover a lot of ground in the

Fourth District of New Orleans. The petition alleges that *E. T. Parker* (the Sheriff) and *David Warner*, threw the plaintiffs out of the premises, and took illegal possession of the same. Plaintiffs allege that the property belongs to the succession of *J. M. Duberry*, of which they are the representatives.

The defendants and warrantors claim that the property was regularly sold under an execution, issued on a judgment of *G. Dauduc*, against the plaintiff, to said *Dauduc*.

The defendants have offered in evidence the execution and notices served upon plaintiff, and Sheriff's return showing the sale to *Dauduc*, but not the judgment.

Plaintiff contends, that there was a misdescription of the property sold, and also hat there is no evidence that there was any legal judgment rendered in the suit of *Dauduc* againse the plaintiff, on which the execution issued.

In the absence of the plan of *C. A. Hedin*, and parol testimony explanatory of the contiguous lots and streets, we are not able to say that the variance in the description contained in the notices served by the Sheriff on plaintiff, from the description contained in plaintiff's petition and the inventory, is material. The maxim, *Falsa demonstratio non nocet, cum de corpore constat*, may perhaps apply. Greenleaf Ev., No. 301.

It would have been more regular, if defendant had offered in evidence the record and judgment against the plaintiff. But, as it has been shown by the execution and Sheriff's return, and the notices served upon the plaintiff, that the property in controversy has been sold and the defendant put in possession by the Sheriff as owner, and that some portion of the price has been applied to the credit of plaintiff, we are of the opinion that the plaintiff cannot bring a petitory action and ignore the existence of the sale, and treat the proceedings as having no existence. The District Judge did not, therefore, err in concluding that plaintiff must resort to an action of nullity, in order to set aside the sale, if it be irregular or illegal. *D'Orgenoy* v. *Droz*, 13 L. R. 395 ; *Anderson* v. *Cede*, 10 An. 269 ; *Haydel* v. *Roussel*, 1 An. 38 ; 6 Rob. 102.

We understand the judgment of the lower court to reserve to the plaintiff the right to attack the sale for any cause whatever.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, the plaintiff and appellant paying the costs of the appeal.