No. 2655.—WILLIAM J. KILBOURNE *v.* HENRY FRELLSEN.

To constitute a valid seizure of a plantation cultivated as such, and occupied as a residence, the sheriff must, whether under attachment or *fieri facias*, take the property into his possession and custody, and in case of attachment, the return must show that this rule has been complied with. The statement by the officer that he has attached according to law, is not sufficient.

The sale of a plantation by the sheriff under a judgment rendered on attachment without giving notice to the occupant or owner, is a nullity; but if the attaching creditor can show on trial of the injunction taken out by the party in possession under a recorded title, that the sale is simulated, the case might be different

APPEAL from the District Court, parish of Carroll. *Farrar*, J. W. G. *Wyly* and *F. F. Montgomery,* for plaintiff and appellant. *M. Dubose*, for defendant and appellee.

HOWE, J. The record in this case discloses the following facts:

On the twenty-fifth March, 1866, the plaintiff purchased, by notarial act, from Jefferson Gayden, a plantation in the parish of Carroll.

About this time, and prior to the twenty-eighth of April, 1866, Gayden left the State and went to reside in Mississippi. On the twenty-eighth of April, 1866, Henry Frellsen, the defendant, and John A. Stevenson, sued out a writ of attachment against Gayden, and caused a curator *ad hoc* to be appointed, who wrote at the foot of the petition: "I accept service and waive copy of citation and attachment."

The return of the sheriff upon the writ stated that he had "served the same by attaching the following described lands;" and then gave a description of the plantation in question. He did not go to the plantation, or take actual possession of the place, or put a keeper thereon, or notify the occupants; but, as the record informs us, "he made the attachment in the sheriff's office, by writing up a description of the land on his return, and notifying the curator *ad hoc*."

On the ninth of May, 1866, the act of sale from Gayden to plaintiff was recorded. On the thirteenth of October, 1866, judgment was rendered in favor of Frellsen and Stevenson, against Gayden, in the attachment suit, for $905 and interest, and the property attached was ordered to be sold.

In January, 1867, a writ of *fieri facias* was issued, containing a description of the plantation, and in March, 1867, it was sold to the defendant, Frellsen. It appears that in making what was called a seizure under the writ of *fieri facias*, the sheriff did not go to the place, "but only seized the property," as he states, "by copying the numbers of the land from the writ of sale directing the sale of the same in said suit; that he gave no notice to the occupants of the plantation, but did give notice to the curator *ad hoc*."

The plantation was cultivated and occupied as a residence by the plaintiff in 1866, and by his tenants in 1867. He avers that he never heard of the pretended seizure and sale until about September, 1867, when he commenced the action now before us, to annul the judgment and sale, and to be quieted in his title. To this action the defendant Frellsen, answered, by a general denial and an allegation, that the sale from Gayden to plaintiff was a simulation, and by other defenses which appear to have been abandoned. There was judgment for defendant, and plaintiff has appealed.

We are constrained to think that the judgment appealed from was erroneous. The plaintiff's title as to third persons took effect on the ninth of May, 1866. He occupied and cultivated the plantation during that season; and during 1867 his tenants were in possession for him. The public act of sale, its formal registry, and the vendee's actual and continued possession gave him rights of which he could not be divested by a pretended forced alienation, conducted without regard to those elementary rules, by which, for the plainest reasons of propriety and justice, forced alienations are controlled. To constitute a valid seizure of a plantation in Carroll parish, cultivated as such and occupied as a

residence, the sheriff must, whether under attachment or *fieri facias*, take the property into his possession and custody; and in case of attachment, the return must show that this rule has been complied with, and it is not sufficient for the officer to state that he has "attached according to law."

Page *v.* Generés, 6 An. 551; Stockton *v.* Downey, 6 An. 581; Boyle *v.* Ferry, 12 An. 425; Goubeau *v.* New Orleans and Nashville Railroad Company, 6 Rob. 347; Simpson *v.* Allain, 7 Rob. 500.

So far as the property claimed by plaintiff is concerned, there was, in reality, no attachment, judgment, seizure or sale. The record does not show that his title is a simulation, and it is not necessary, therefore, to decide what effect the fact of simulation, if established, might have had in the case.

For the reasons given, it is ordered and adjudged that the judgment of the district court be avoided and reversed, and that there be judgment in favor of plaintiff, with costs in both courts; that the sale of the plantation to the defendant, as mentioned and set forth in the petition, be annulled and set aside, and the plaintiff quieted in his title to the same.

Mr. Justice Wyly recused himself in this case.