## No. 467.

### J. H. SCOTT *v.* D. C. DAVIS et al.  F. B. DAVIS, Garnishee.

When there is no garnishment the actual seizure of the property is alone the basis of the attachment and jurisdiction of the court. It is the duty of the sheriff to take the property into actual possession. If it be a plantation, it remains sequestered in his custody until the sale, and he may appoint a keeper.

APPEAL from the Eleventh Judicial District Court, parish of Bienville. *Trimble*, J. *J. F. Pierson*, for plaintiff and appellant. *L. B. Watkins*, for defendants and appellees.

TALIAFERRO, J. This suit is brought by attachment against D. C. Davis, of whom the plaintiff complains that, after having made a simulated sale of his property for the purpose of defrauding his creditors, left the State permanently. The plaintiff attacks the sale he complains of and prays that it be decreed simulated, null and void, and the land it purports to convey be made subject to the plaintiff's demand. An attachment was issued and put into the hands of the sheriff, who made a return of having seized and attached certain land, giving a description of the same. A curator *ad hoc* was appointed to represent the absentee. Personal service was made on the other defendants. An exception was filed by the defendants to the legality of the proceedings on these grounds :

*First*—No legal service of citation on the absentee.

*Second*—That the plaintiff has cumulated a number of small claims, belonging to other persons, to make up a fictitious sum to give jurisdiction to the court—his own demand being less than the amount required to give jurisdiction.

*Third*—No actual seizure of property was ever made. The property pretended to have been seized was never in the possession of the sheriff, or of any other person possessing for him.

The exception was sustained and the suit dismissed. The plaintiff appealed. It is clear there was no actual seizure made. The return of the sheriff is that the service of the writ of attachment was made " by seizing and attaching the following described property, to wit: South half of section nine and south quarter of northwest quarter of section nine, and southeast quarter of section eight, township sixteen, range nine west, seized as the property of D. C. Davis, this December 15, 1873." The sheriff being placed upon the stand as a witness said, in relation to service of the attachment : " I went on the place where Mr. D. C. Davis did live, and on the land described as having been seized. I handed F. B. Davis, Jr., a copy of petition, a copy of attachment and of citation ; told F. B. Davis, Jr., that I had seized and attached that land. I asked him if he expected to remain on the place and make a crop, and he (Davis) stated that he did. I then told him

that I would not dispossess him, as it was land and could not be removed, to which he made no objection. He urged no rights of his own as opposed to the seizure of said land—made no objection to the seizure; and I told him he could remain there until the matter was decided by the courts, to which proposition he (Davis) said, ' yes sir.' "

" When there is no garnishment the actual seizure of the property is alone the basis of the attachment and the jurisdiction of the court." 6 An. 551; Ib. 581. " It is the duty of the sheriff to take the property into actual possession; if it be to a plantation it remains sequestered in his custody until the sale, and he may appoint a keeper." C. P., articles 656, 662, 762; 6 Rob. 100.

The decree of the lower court was properly rendered.

Judgment affirmed.