(65 South. 487)

No. 19960.

MAJOR v. HEWES.

(May 25, 1914.)

*(Syllabus by the Court.)*

Execution (§ 127*)—Levy—Validity of Seizure.

Except in the parish of Orleans and (perhaps) Jefferson, a sheriff can make no legal seizure of property without taking actual possession of the same. It is true that, in taking such possession of immovable property, he is not required, for the time being, to proceed further in the execution of his writ, and actually eject the occupant, but the possession which he acquires is nevertheless the legal possession, which, upon the sale of the property, he may transfer, with the title. If, however, he acquires no possession, he can transfer none, either actual or constructive, nor right of possession, and the adjudicatee must assert his

rights, if he considers that he has acquired any, in an ordinary action.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 282–286; Dec. Dig. § 127.*]

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; Joseph E. Leblanc, Jr., Judge.

Action by Albin Major against M. T. Hewes. Executory process was issued on judgment for plaintiff, and return made showing sale to plaintiff, whereupon the sheriff and plaintiff ruled defendant to show cause why he should not deliver possession of the property seized and sold. Rule made absolute, and defendant appeals. Reversed and rule dismissed.

L. B. Claiborne and Hewes & Smith, all of New Roads, for appellant. Bouanchaud & Kearney, of New Roads, for appellee.

Statement of the Case.

MONROE, C. J. Plaintiff caused executory process to issue herein, and thereafter the sheriff made return to the effect that he had executed the same by seizing, advertising, and adjudicating to plaintiff certain immovable property described in the petition, and later still the sheriff and the plaintiff ruled defendant into court to show cause why he should not deliver possession of said property. After alleging that the property had been adjudicated to plaintiff, the movers further allege:

"That the said defendant, * * * who is now in possession of said property, refuses to vacate the same, although amicable demand for the possession thereof has been made upon him," etc.

Defendant excepted, on the ground that the proceeding by rule was unauthorized, and, the exception having been overruled, answered that he is the owner of the property, and has never been devested of possession by any valid seizure and sale; the alleged seizure under executory process having been a mere paper, and not an actual, sei-zure, and the sale a nullity. On the trial of the rule, he offered to prove, as alleged, that no actual seizure had been made; that he had received no legal notice to appoint an appraiser, and was not represented in the appraisement of the property; that he was not present at the sale; and that a protest in his behalf against the sale was read aloud prior to the adjudication. The testimony so offered was rejected, and the rule was made absolute; whereupon defendant appealed.

Opinion.

The allegation of the rule is that defendant is in possession of the property, and counsel for plaintiffs in rule say in their brief:

"We admit that there was no seizure, other than such seizure as resulted from the service of the notice of seizure, which was in due form, fully describing the proceedings, describing the property, containing the title of the cause, its docket number, title of court, etc. This was sufficient."

The error lies in the conclusion reached by the learned counsel that the steps described were sufficient to operate as a legal seizure which transferred the possession of the property to the sheriff, and would enable him to deliver such possession to the adjudicatee, or entitle him and the adjudicatee to obtain such possession by any summary proceeding.

In the parish of Orleans the sheriff may seize immovable property by recording the seizure in the mortgage office, but in the other parishes of the state (Jefferson, perhaps, excepted) he can make no legal seizure of any property save in connection with proceedings in garnishment, without taking actual possession of the same. Winn v. Elgee, 6 Rob. 100; Simpson v. Allain, 7 Rob. 500; Copley v. McFarland, 9 Rob. 183; Leverich v. Toby, 6 La. Ann. 464; Kilbourne v. Frellsen, 22 La. Ann. 207; Scott v. Davis et al., 26 La. Ann. 688; Conte v. Handy, Sheriff, 34 La. Ann. 863. It is true that, in taking such possession of immovable property, he is

not required, for the time being, to proceed further in the execution of his writ, and actually eject the occupant of the premises, but the possession which he acquires is nevertheless the legal possession, which, upon the sale of the property, he may transfer, with the title. If, however, as in this case, he acquires no possession, he can transfer none, either actual or constructive, nor right of possession, and the adjudicatee must assert his rights, if he considers that he has acquired any, in an ordinary action.

It is therefore ordered that the judgment appealed from be reversed, and the demands of the plaintiffs in rule be rejected, and their rule dismissed, at their cost in both courts.