## LEWIS v. MARTIN.*
### No. 5253.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

———◆———

Isaac Wahlder, of Alexandria, for appellant.

Leo Gold, of Alexandria, for appellee.

DREW, Judge.

The plaintiff in this suit is a nonresident, having his domicile in the state of Arkansas. His business is of such nature as to constantly require him to travel about the country. On July 6, 1923, he purchased a lot of ground in the city of Alexandria from R. C. Culpepper and A. M. Pyburn for a cash consideration of $475, and erected a house thereon. On January 6, 1928, he purchased the adjoining lot from the same parties for a cash consideration of $500. Due to his absence from the state, he had various agents look after his rent collections and matters pertaining to his property.

On January 28, 1930, the defendant herein, Thomas Martin, alleging that the plaintiff owed him the sum of $43.50, filed at-tachment proceedings in the city court of Alexandria and attempted to attach both of the aforesaid pieces of property for the debt. The case lay dormant in the city court until August 15, 1934, at which time judgment was rendered giving the defendant a personal judgment against the plaintiff for $43.50, and also maintaining the attachment against plaintiff's property. The property was appraised at the sum of $1,000, and at the first offering did not sell. It was then readvertised for sale, and on the 26th day of January, 1935, the defendant purchased the property at marshal's sale for the sum of $150, of which amount $134.69 was consumed to pay the cost of the proceedings and defendant's judgment. The balance, $15.31, was mailed to the plaintiff at an address where he was believed to be. The letter containing the check was returned unclaimed and still remains in possession of the city court of Alexandria.

Plaintiff learned from the tenant who rented from him and who had been mailing each month's rent to plaintiff's home in El Dorado, Ark., that the defendant had instructed him to pay all rents thereafter to defendant as he had become the owner of the property. Upon receiving this information, plaintiff went to Alexandria, where he investigated the matter, and this suit was filed to set aside the entire proceedings and to annul the sale.

In plaintiff's petition he attacks the attachment proceedings on approximately twenty-five grounds. Defendant filed an exception of no cause or right of action, which was overruled; and later filed an answer denying most of the plaintiff's allegations, and, in the alternative, reconvened for the sum of $150, being the amount of his bid at the sale of the property.

The judgment of the lower court was in favor of plaintiff, decreeing the judgment secured in the city court by the defendant herein against the plaintiff to be an absolute nullity, and that the sale resulting from and by virtue of the aforesaid judgment be annulled, canceled, and set aside, and the clerk of court of Rapides parish, La., was ordered and directed to cancel and strike same from the conveyance records of said parish. The judgment furthermore rejected plaintiff's demands for attorney's fees and damages caused to him by virtue of the attention he was required to give to the

bringing and trying of this suit. It likewise decreed that plaintiff's claim for rents collected by the defendant herein from the occupants of the aforesaid property since the sale of same be dismissed as of nonsuit. It further decreed that the defendant recover of the plaintiff in reconvention the amount of $36.24, being the amount expended by said defendant for state and parish taxes upon the said property since the said alleged sale thereof.

From this judgment the defendant has appealed, and the plaintiff has answered the appeal, praying that the judgment be amended by allowing him attorney's fees, damages for attending to the preparation and trial of the case due to the time he lost in so doing, and for judgment for the amount of rents collected by the defendant since the sale of said property up to the final determination of this case.

The exception of no cause of action, which was overruled below, is not urged here, and we presume it has been abandoned. We will say, however, in passing, that it is without merit and was properly overruled.

Among the many charges made by plaintiff as to irregularity in the proceedings whereby his property was seized and sold, we find one which is fatal to the entire proceedings and to the defense herein made, and since it is sufficient to annul the judgment and sale of the plaintiff's property, we will discuss it only. A discussion of the many other charges of irregularity could add nothing to the determination of the case.

■ Plaintiff alleges, and the evidence is clear and convincing, that the city marshal, in executing the writ of attachment which is the sole basis of the suit, failed to take the property into his possession or to take charge of it in any form, by the appointment of a keeper or otherwise. The marshal testified that he went on the property and then posted the notices on the front door of the city court building. At the time he is supposed to have gone on the property to make the seizure, plaintiff had a tenant living in the house on the property. This tenant knew nothing of the seizure having been made, and she and the one who succeeded her continued, from the date of the alleged seizure in 1930 until after the sale of the property in 1935, to pay monthly rent to plaintiff or plaintiff's agents. Plaintiff made numerous repairs on the property during that period, such as reroofing the house, building a new gallery, steps, etc., and continued to pay the taxes on the property as he had previously done. The city marshal who was supposed to have made the seizure went out of office in 1932, and his successor testified that he did not take charge of the property and in fact did not know anything about the attempted seizure until the case was revived in the latter part of 1934.

Our courts have repeatedly held that when there is no garnishment, the actual seizure of the property is alone the basis of the attachment and the jurisdiction of the court, and that it is the duty of the sheriff or marshal to take the property into actual possession, and that it remains sequestered in his custody until the sale, although he may appoint a keeper. The failure of the city marshal to actually take possession of the property is fatal to the attachment proceedings. Scott v. Davis, 26 La.Ann. 688; Winn v. Elgee, 6 Rob. 100; Kilbourne v. Frellsen, 22 La.Ann. 207; Conte v. Handy, 34 La.Ann. 862; Code of Practice, arts. 656, 657 and 658.

We therefore conclude that there was no valid and legal judgment rendered against plaintiff, and the sale of his property under the judgment rendered to the defendant herein was null and void. The lower court so held and rendered judgment accordingly, which judgment is correct.

■ Plaintiff contends here, by answer to the appeal, that the judgment should be amended by allowing his attorney's fees and damages caused to him for loss of time from work, together with expenses in attending to the filing and trying of this case. We have been cited to no authority which would justify a judgment on either claim in this kind of case, and we know of none. He further contends he should have judgment for the amount of rent paid by the occupants of the premises to the defendant from the date of the illegal sale until the final determination of this case. His right to recover whatever rent may have been paid to the defendant has been reserved to him in the judgment of the lower court. The proof in the record on this is meager and indefinite. The judgment which nonsuited this part of his claim is correct.

We find no error in the judgment of the lower court, and it is therefore affirmed, with costs.