BARNETTE, Judge.
This is an appeal by plaintiff James R. Mary from a judgment on December 9, 1966, maintaining exceptions of no right of action, no cause of action, and prescription. Plaintiff’s suit was dismissed with prejudice at his cost. The exception of res judicata filed on behalf of all defendants was overruled.
Plaintiff-appellant filed on November 3, 1965, a possessory action seeking to recover possession of his former home in Jefferson Parish, from which he was physically evicted by the sheriff on November 6, 1964. In this action he named as defendants, H-Tide Realty, Inc.; Leonard M. King, Jr.; Mrs. Lynden Howell, wife of and Louis H. Clay; and The Hibernia National Bank in New Orleans. He also seeks recovery of damages. Alwynn J. Cronvich, Sheriff of Jefferson Parish, was made a defendant by supplemental petition.
This suit is a sequel to a mortgage foreclosure action by executory process in Hibernia National Bank v. Mary, which has been thoroughly litigated in the district court, in this court, and in the Supreme Court. 246 La. 375, 161 So.2d 361 (1964); La.App., 167 So.2d 200 (1964); 246 La. 876, 167 So.2d 826 (1964); La.App., 174 So.2d 200 (1965); 247 La. 1084, 176 So.2d 144 (1965).
*459 The property now in question is the same property involved in the above-mentioned litigation. All pertinent facts are fully discussed in our two prior opinions and need not be repeated here. 167 So.2d 200 and 174 So.2d 200. The entire record in the execu-tory process suit was filed in evidence in this suit in support of the exceptions of no right of action, prescription, and res judicata.
The property in question was seized by the sheriff pursuant to an order of seizure and sale, August 7, 1963, which order was reaffirmed by order of April 8, 1964. The property was sold at public auction on October 21, 1964. On November 6, 1964, plaintiff (defendant in the foreclosure) was physically evicted by the sheriff. On November 3, 1965, this possessory action was instituted.
LSA-C.C.P. art. 3658 sets out the requisites to maintain a possessory action, one of which is that the action must be instituted within one year of the disturbance of possession.
LSA-C.C.P. art. 3659 defines disturbance as follows:
“Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact, and disturbance in law.
“A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.
“A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.”
By way of defense to the plea of prescription, the plaintiff contends that the “disturbance in fact,” by his physical eviction on November 6, 1965, was within one year of his filing of the possessory action on November 3, 1966, and that the “disturbance in law,” defined in the article, does not apply. His argument is based upon the last phrase, “or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.” (Emphasis added.) This argument is without merit. A foreclosure proceeding is not the kind of “action or proceeding” to which the exception applies. A foreclosure proceeding may be via ordinaria, in which case the filing of the “action or proceeding” would not be a disturbance in law, even though the claimant seeks recognition and execution of a mortgage. The disturbance takes place when the seizure is made. The attachment of property in such proceedings is only incidental to the suit. The fact that the seizure emanates from an order pursuant to a proceeding via executiva is no different. The action or proceeding for foreclosure of a mortgage is not a “claim or pretension of ownership or right to possession” of the property, but a suit on an indebtedness represented by a mortgage note. It does not put the title, ownership, or right of possession of the property at issue. Therefore, the only claim by action or proceeding which would have this effect is, for example, a petitory action or a pos-sessory action. This is explained in paragraph (c) under “Comments” following the article:
“The third paragraph makes another change in the law. Under Art. [52] of the Code of Practice, the institution of the possessory action was a disturbance in law of the defendant’s possession, if the latter actually had possession. Under this article, it is not. * * * ”
The disturbance in law occurred when the property was seized by the sheriff under the order of seizure and sale. We *460 think this is clearly settled in Winn v. Elgee, 6 Rob. 100 (1843). There the Court said:
“Whatever may be the rights and obligations of Sheriffs in the execution of writs of fieri facias placed in their hands in other States, we have no hesitation in saying that, under our laws, the Sheriff who makes a sale under execution, has the power of putting the purchaser in possession of the property thus sold. The possession of the judgment debtor is divested by the legal seizure under the writ of fieri facias; it is vested in the Sheriff, until the property is disposed of; that officer is considered as the rightful possessor, and can maintain an action of trespass against any person disturbing him in such possession. It is made his duty to take into actual possession the thing seized. If it be a plantation, it shall remain sequestered in his custody until the sale, and he has authority to appoint a keeper, or overseer to manage it; and if, in the execution of his orders he meets with resistance, he may employ force, and may summon the posse comitatus to overcome it * * * ” 6 Rob. at 102.
This rationale was followed by the Supreme Court in at least two later cases which we have found, in the following language:
“ * * * It is true that, in taking such possession [by writ of seizure and sale] of immovable property, he [the sheriff] is not required, for the time being, to proceed further in the execution of his writ, and actually eject the occupant of the premises, but the possession which he acquires is nevertheless the legal possession, which, upon the sale of the property, he may transfer, with the title. * * * ” Major v. Hewes, 135 La. 354, 65 So. 487 (1914) at 488.
In Hudson v. Skannal, et al., 182 La. 324, 162 So. 1 (1935), the Supreme Court quoted with approval from the trial judge’s written opinion the following:
“ * * * As I appreciate the provisions of the Code of Practice, Articles 657 et seq. the sheriff is not required to appoint a keeper of real estate, but may do so. The possession he acquires by the seizure does not require him to eject the occupant of the premises, but the possession which he acquires is nevertheless the legal possession which upon sale of the property, he may transfer with the title. * * (Citing Major v. Hewes, supra.) 162 So. at 3.
We know of no codal or statutory provision to the contrary and none has been brought to our attention.
Plaintiff’s further contention is:
“The instant case, however, must be distinguished [from Winn v. Elgee, supra] on factual and legal grounds. The sheriff initially was enjoined from proceeding with the seizure, made in August, 1963. After plaintiff’s (Mary’s) suit for an injunction was dismissed, a suspensive appeal was granted which likewise restrained the sheriff from proceeding with the seizure and sale. Subsequent to the suspensive appeal, no new order was ever issued to the sheriff authorizing and directing him to proceed with the sale, and he could not become the constructive owner or possessor under the doctrine of the Winn case.”
This contention is equally without merit. In the first place, this is an erroneous statement of the factual matter. The sheriff was not enjoined from proceeding with the writ of seizure and sale. The injunction sought by Mr. Mary in the foreclosure suit was denied. We expressly held that his appeal from the judgment of denial could have no meaning except devolutive, and we expressly ordered that it “ * * * in no wise be construed to suspend the executory process ordered by said Court on August 7, 1963, reaffirmed by order of April 8, 1964 * * *.” 167 So,2d at 204.
Finally, plaintiff’s contentions are completely destroyed by the fact that the property was sold at public auction and title passed on October 21, 1965, in execution *461 of the orders of the court. Surely he cannot contend that this was not a “disturbance in law” under LSA-C.C.P. art. 3659. His suit having been filed more than one year later, November 3, 1966, his right to institute the possessory action was clearly prescribed.
Having reached this conclusion, which dismisses plaintiff’s suit, it is unnecessary that we discuss the exceptions of no right of action, no cause of action, and res judi-cata, and we expressly pretermit them.
The judgment appealed from, insofar as it maintains the plea or exception of prescription on behalf of all defendants and dismisses plaintiff’s suit with prejudice, is affirmed.
Plaintiff-appellant is cast for all costs.
Affirmed.