HIGGINS, Justice.
 

 Plaintiff moved to dismiss the defendants’ devolutive appeal on the ground that the question presented thereby has become a moot one due to the fact that the sale of the property which the defendants sought to prevent through injunction process had already been effected under a writ of seizure and sale. The defendants resist the plaintiff’s motion to dismiss the appeal for the reason that they are not claiming either the title to the property or that the sale thereof was a nullity but are presenting only the question of whether the plaintiff or the defendants are legally entitled to the proceeds of the sale amounting to $5,500. •
 

 The plaintiff, on September 28, 1939, filed a foreclosure proceeding via executiva against the defendants alleging that it was the holder and owner of their promissory mortgage note dated December 30, 1937, in the sum of $7,000, bearing 5%% interest per annum, and on the same day obtained an order for executory process. On November 14, 1939, defendants filed a petition for an injunction in the foreclosure proceedings, alleging that the note had been given by them for convenience only, that no money or valuable consideration was given therefor and that a fraud had been perpetrated upon them in connection with the issuance of the note. They prayed (1) that a preliminary injunction issue restraining the Civil Sheriff from selling the property and (2) that there be judgment decreeing the defendants to be the owners of the promissory note, and ordering its return and delivery to them and that the mortgage securing the note be cancelled.
 

 The case was tried on a rule nisi and the district judge refused to grant a preliminary injunction, assigning as the reason therefor that he did not believe the defendants’ testimony. After the defendants’ motion for a suspensive appeal was refused, they applied for a devolutive appeal, which was granted. They also filed an application
 
 *41
 
 with this Court for writs of certiorari, prohibition and mandamus, which was denied. The devolutive appeal was perfected in this Court, but, in the interim, the property was sold by the sheriff at public sale for the sum of $5,500.
 

 In the case of Bank of LaFourche v. Barrios, et al., 167 La. 215, 118 So. 893, 894, this Court dismissed the devolutive appeal from the judgment refusing a preliminary injunction .to prevent the execution of the writ of seizure and sale, stating:
 

 “It is clear that the devolutive appeal taken herein by defendant did not suspend the execution of the writ of seizure and sale, under which the property mortgaged was seized on May 5, 1928, and adjudicated to plaintiff bank on June 23, 1928.
 

 “Since any decree this court could render would not have the effect of annulling the sale of the mortgaged property after its adjudication to plaintiff bank, the issues here tendered by defendant .present merely moot questions, which we decline to decide.”
 

 The defendants’ contention-that they have a right to have the question of the ownership of the funds representing the proceeds of the sale determined in this Court on their devolutive appeal is based on the assumption that the case was tried and decided on its merits in the district court, and an appeal was taken from such judgment. The record clearly shows that the trial judge issued a rule to show cause why a preliminary injunction should not issue restraining the plaintiff from selling the property under the order of executory process and that the judgment refusing the preliminary injunction .is the one from which the defendants appealed devolutively. It also appears that the case was not tried on its merits. Therefore, even though the defendants are willing to submit the case on the merits on the same evidence introduced on the trial of the rule to show cause why a preliminary injunction should not issue, it may well be that the plaintiff, which has not acquiesced in such a suggestion, might wish to offer additional ' evidence in the event the case is set for trial on its merits, and it has the absolute right to do so. First Nat’l Bank of Abbe-ville v. Hebert, 163 La. 378, 111 So. 792-794. The only question presented by the devolutive appeal was whether or not the trial judge properly refused to grant the preliminary injunction and as we have already shown that question has become a moot one due to the fact that the property has already been sold.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the motion to dismiss the appeal is sustained and
 
 the
 
 appeal is hereby dismissed at the appellants’ costs.