Plaintiff-appellee, J. M. Ripp, moves to dismiss the appeal taken by William P. Radecker, Jr., the intervenor and third opponent. A chronology of the proceedings in the lower court culminating in the appeal is as follows:
The plaintiff, alleging himself to be the holder and owner of a promissory note made and subscribed by Mack Perrault, which was secured by chattel mortgage, obtained a writ of seizure and sale under which the Civil Sheriff seized the mortgaged automobile.
Radecker filed an intervention and third opposition, alleging among other things that he bought the automobile on April 3, 1948, and was its lawful owner. He asserted that Ripp was not the holder of the note in good faith, and that the note had been paid or extinguished by confusion; that because of the seizure of the automobile, which was wrongful, he suffered certain damages. In the alternative, Radecker called in warranty several former owners of the automobile to defend his right and title thereto. Radecker prayed for an injunction prohibiting plaintiff and the Civil Sheriff from proceeding further under the writ, and for damages. He alternatively prayed that the former owners be cited under the call in warranty, and that he have judgment against them for the value of the automobile.
The lower court issued a rule directed to the plaintiff and the Civil Sheriff ordering them to show cause why a preliminary injunction should not be issued. Counsel for all parties consenting, the lower court issued a temporary restraining order against the Civil Sheriff enjoining, prohibiting, and restraining him from selling the automobile.
Upon a trial, the rule for the preliminary injunction was dismissed and the temporary restraining order was recalled.
The matter was ultimately tried upon its merits and the demands of intervenor and third opponent were rejected and injunctive relief was denied. On December 21, 1948, Radecker appealed suspensively and devolutively from the judgment. The day after the order of appeal was signed, Radecker suggested to the lower court that his appeal would be useless and ineffectual unless the sale of the mortgaged automobile was stayed pending the outcome of the appeal, and moved for a stay order, which the court refused to enter.
Several days after the transcript of appeal was lodged in this court, the Sheriff *Page 363 
sold the automobile under the writ of seizure and sale.
The ground assigned for dismissal is that the correctness of the judgment appealed from is a moot question, because the appeal did not have the effect of staying the sale of the automobile, which has since been accomplished.
The motion to dismiss seems to be well grounded. It is the function of an appellate court to render judgments that can be made effective, and not to give opinions on moot questions or abstract propositions from which no practical results can flow. When it is impossible for the appellate court to undo what has already been done, it will not determine the questions litigated in the court below, but will dismiss the appeal. The Supreme Court, in Pettingill v. Hills, Inc., 199 La. 557,6 So.2d 660, 662, said:
"This principle is one of general application. It has been applied to sales under executory process where injunctive relief is sought and denied and execution of the judgment is not suspended by the appeal. Unity Industrial Life Ins. Co. v. DeJoie, 197 La. 38, 200 So. 813; Bank of La Fourche v. Barrios,167 La. 215, 118 So. 893; Ouachita Nat. Bank v. Shell Beach Const. Co., 154 La. 709, 710, 98 So. 160."
In Unity Industrial Life Ins. Co. v. DeJoie, 197 La. 38,200 So. 813, 814, the Supreme Court reiterated what it said in the case of Bank of La Fourche v. Barrios et al., 167 La. 215,118 So. 893:
"It is clear that the devolutive appeal taken herein by defendant did not suspend the execution of the writ of seizure and sale, under which the property mortgaged was seized on May 5, 1928, and adjudicated to plaintiff bank on June 23, 1928.
* * * * * *
"Since any decree this court could render would not have the effect of annulling the sale of the mortgaged property after its adjudication to plaintiff bank, the issues here tendered by defendant present merely moot questions, which we decline to decide."
The demand for damages and the call in warranty are matters incidental to the writ of seizure and sale, the validity of which cannot, after the sale of the property, either be inquired into or passed upon by us.
It is, therefore, ordered that the appeal be and it is hereby dismissed at appellant's cost.
Motion sustained; appeal dismissed.