KENNON, Judge.
Plaintiff, Motors Securities Company, Inc., owner of a chattel mortgage note executed by Arthur Adkins, filed an execu-tory process proceeding in Grant Parish, under which the mortgaged automobile was *668 seized and sold. After this suit was filed, and prior to the sale, the Shreveport Auto Finance Company filed a petition of intervention which, disregarding certain portions now irrelevant, alleged ownership in inter-venor of a chattel mortgage superior in rank to plaintiff’s and in which intervenor prayed for judgment in its favor against defendant Arthur Adkins and that the amount of this judgment, $430.20, be paid to intervenor by preference out of the proceeds of the sale of the Adkins automobile under plaintiff’s executory process.
The sale was held, after which plaintiff filed a plea of estoppel in which it was set forth that the intervenor had attended the public sale of the automobile which was conducted by the Sheriff of Grant Parish in accordance with the prayer of plaintiff’s petition; that intervenor’s bid of $855 was the last and highest bid made; that intervenor had paid the amount of its bid and accepted the delivery of the automobile, upon which both plaintiff’s and in-tervenor’s chattel mortgages applied, and that this action of the third opponent constituted an estoppel against it from contesting the validity of the note and chattel mortgage described in plaintiff’s petition.
From a judgment of the District Court sustaining the plea of estoppel, intervenor prosecutes the present appeal.
At the time of the sale, there was an order in force, signed as the result of the petition of intervention with its attached documents, which directed the Sheriff of Grant Parish to hold the proceeds of the sale subject to the order of the court. The sheriff’s return on the writ of seizure and sale shows the following with respect to the bidding and disposition of the funds:
“And after having further complied with and performed all the additional previous legal requisites, did expose the same at public sale, according to law, at the principal front door of the Court House in Colfax, Grant Parish, Louisiana during the Hours prescribed by Law on the 16th day of April, 1949, and I then and there read in an audible and distinct voice, the writ of seizure and Sale, the notice of Seizure, the advertisement, and a certificate from the Recorder of Mortgages of Grant Parish, Louisiana, showing the encumbrances upon said property and cried the property at public auction, at which time and place the last and highest bid being the sum of Eight Hundred fifty-five and no/100 ($855.-00) Dollars was made by the Shreveport Auto Finance Company, Shreveport, La., for which sum and price said property was adjudicated to said Shreveport Auto Finance Company, which sum was paid to me in cash by said purchaser receipt of which is hereby acknowledged, said sum is being held by order of the Honorable Court untiL further orders of the Honorable Court.
“Writ returned to the Honorable Court this 20th day of April, 1949.”
The District Court’s reasons for sustaining- the plea of estoppel are contained in the following quotation from his written opinion :
“Plaintiff submits in its brief that since third opponent bid for the automobile at the sale under the foreclosure proceedings by plaintiff and paid the amount of the bid and took possession of the car as their own and removed same from the jurisdiction of this court that they are estopped from making any claim whatever to the car or to the proceeds of the sale for any reason they have set forth in their petition as third opposition by which they attack the legality of the chattel mortgage held by plaintiff; that they have been estopped by their subsequent acts to any further proceeding or claim to the proceeds of the sale.
“In support of their contention they cite the case of Ripp v. Perrault, La.App., 39 So.2d 362.
“A study of that case leads us to the conclusion that the plea of estoppel seems to be well grounded and that intervenor and third opponent cannot now legally be heard to claim the car in question or the proceeds thereof, and any judgment that this court may render would not place the property back in a position where the question of the annulity of the mortgage of the plaintiff could be determined.
“We see no difference in intervenors claiming the right to sell the car under their *669 mortgage because of the annulity of plaintiff’s mortgage and claiming the proceeds of the sale of the car on their mortgage because of the annulity of plaintiff’s mortgage.
“Hence, the plea of estoppel will be sustained and the claim of intervenor dismissed at their cost.”
■Counsel for plaintiff in brief before this Court argues that the above cited case “fits the case at bar on all fours.” However, our examination leads us to the conclusion that the cited case differs on the facts from the case at bar. Radecker, the intervenor, based his suit upon the principal grounds that he, and not the mortgage debtor, was the owner of the automobile under seizure in plaintiff’s suit. The contents of the prayer of intervenor’s petition in that case is shown by the following quotation from the opinion of the Orleans Court of Appeal: “Radecker prayed for an injunction prohibiting plaintiff and the Civil Sheriff from proceeding further under the writ and for damages. He alternatively prayed that the former owners be cited under the call in warranty, and that he have judgment against them for the value of the automobile.”
Thai opinion further recites that the lower court first refused to issue a preliminary injunction. The district court likewise refused Radecker’s motion that the sale of the mortgaged automobile be stayed pending the outcome of his appeal from the judgment denying the injunction. Several days after the transcript of appeal was lodged in the Court of Appeal, the sheriff completed the sale of the automobile under plaintiff’s visit of seizure and sale. After this occurrence, Ripp moved to dismiss the appeal. The basis of the motion and the court’s reason for dismissing the appeal are shown by the following extract from the opinion: “The ground assigned for dismissal is that the correctness of the judgment appealed from is a moot question, because the appeal did not have the effect of staying the sale of the automobile, which has since been accomplished.” (Emphasis added.)
The case before us is a contest over the disposition of funds, rather than a dispute over ownership of seized property, as was true in the Ripp case, supra. The third opponent here has prayed not to be recognized as owner of the automobile or that the sale be stayed, but simply that the balance due its mortgage be recognized as a first lien on the proceeds of the sale under plaintiff’s writ. The sheriff’s return on the writ shows that the proceeds of the sale are being retained in his hands subject to the further order of the court. The prayer of the petition of intervention will be completely satisfied if the court should direct that the sheriff pay first to the intervenor the amount of its mortgage, and then deliver the balance remaining to the plaintiff. Under these circumstances, the question presented in the case before us was not made moot by the sheriff’s sale of the seized vehicle and the cited case of Ripp v. Perrault, supra, is not applicable.
The judgment of the District Court is one sustaining plaintiff’s plea of estoppel. The only action of intervenor which plaintiff relies upon in support of the plea of es-toppel is that the intervenor became the successful bidder when the automobile was sold at public auction. Plaintiff’s plea of estoppel does not set forth in what manner plaintiff was damaged or acted to its detriment as a result of intervenor becoming one of the bidders at the public auction. The petition and the return of the sheriff show that the sale was public, the bid competitive, and that the intervenor paid the full amount of its bid. It therefore appears that plaintiff would be in no better position had a third party, or had plaintiff itself, been the successful bidder.
One essential of a successful plea of estoppel is that the acts upon which the alleged estoppel is based must be such as to cause the pleader to act to his own detriment. Plaintiff has cited no authority to show that one claiming a preference on a portion of the proceeds of a sheriff’s sale, under a privilege allegedly senior in rank to the obligation under which the sale is held, is estopped from further prosecuting *670 •his claim if he participates as a bidder at such public sale.
Having’ concluded that the question presented is not moot, and having found no support in the record for plaintiff’s plea of estoppel, the judgment of the District ■Court sustaining this plea is set aside; the plea of estoppel is overruled and the case is now remanded to the Eighth Judicial District Court of Grant Parish, Louisiana, for further proceedings in accordance with law. 'Costs of appeal to be paid 'by plaintiff; other costs to await the final outcome of the litigation.