PER CURIAM.
Appellee, by motion, suggests the dismissal of this appeal on the ground that the judgment of the District Court has been complied with by defendant-appellant and that therefore the question which was originally presented is now moot.
The plaintiff alleged that she was the owner of certain property which adjoined the property of the defendant and that in a common alley, which existed between the two properties, the defendant had erected a fence, which constituted an encroachment upon the servitude which existed in favor of the two properties. Plaintiff then prayed that the defendant be. ordered to remove the said fence.
The defendant denied that the fence constituted an interference “in any way with the use of petitioner’s property,” and prayed that plaintiff’s suit be dismissed at her cost.
There was judgment in the Civil District Court for the Parish of Orleans reading as follows: •
“It is ordered, adjudged and decreed, that there be judgment herein in favor of plaintiff, Miss Mary Rose Haydel, and against defendant, Miss Corinne J. Frellsen, ordering, directing and commanding said defendant to demolish or remove the fence constructed in the common alley described in plaintiff’s petition, within ten days from the date upon which this judgment shall become final, and that, upon her failure to do, the Civil Sheriff for the Parish of Orleans be and he is hereby ordered and directed to do so at the cost and expense of the said defendant; * * *»
From this judgment defendant-appellant appealed.' Whén the transcript ,was lodged in this Court counsel,- on behalf of appellant, filed a brief, the first two paragraphs of which read as follows:
“At the outset, we’ should inform the Court that this is presently a Moot Question, as this suit involved the taking down of a fence between the property belonging to the Plaintiff and the property belonging to the Defendant.
“The fence has been removed many months past and the matter insofar as *400 the removal of the fence is concerned is now Moot.”
When this brief was filed counsel for ap-pellee filed a motion to dismiss the appeal which is now under consideration before us.
Appellant objects to the dismissal of the appeal on the following grounds: that the motion comes too late, that there has been no acquiescence in the judgment, and that there, should be settled and determined the question of whether the right to erect such a fence exists, and on the further ground that there is presented the question of the proper location of the boundary line ' between the two properties.-
An examination of the pleadings and of the record in which the controverted issues were presented discloses that the only' question presented was whether or not the defendant should be ordered to remove- the fence to which plaintiff objected. When defendant removed that fence in compliance with the judgment, the issues which had been previously presented no longer continued to exist.
■ In Ripp v. Perrault; (Radecker, Inter-venor), 39 So.2d 362, 363, this.Court said:
“ * * * It is the function of all appellate- court to render judgments that can be made effective,' and not to give opinions on moot questions or abstract propositions from which no practical results can flow, When it is impossible for the appellate court to undo what has already been done, it wiil not determine the questions litigated in, the court below, but will dismiss the appeal. The Supreme Court, in Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660, 662, said:
“ ‘This principle is one of general application. It has been applied to sales under executory process where injunctive relief is sought and denied and execution of the judgment is' not suspended by the appeal. Unity Industrial Life Ins. Co. v. DeJoie, 197 La. 38, 200 So. 813; Bank of La Fourche v. Barrios, 167 La. 215, 118 So. 893; Ouachita Nat. Bank v. Shell Beach Const. Co., 154 La. 709, 710, 98 So. 160.’ ”
The appeal is dismissed at the cost of appellant.
Appeal Dismissed.