McBRIDE, Judge.
This suit for the foreclosure of a mortgage by executory process has been pending since August 7, 1963. Defendant and his wife sought to arrest by injunction the order of seizure and sale issued April 8, 1964. On June 4, 1964, the trial court rendered judgment denying a preliminary injunction, and defendant suspensively appealed therefrom the order granting the *201 appeal concluding with the following words:
“let all further proceedings herein he stayed during the pendency of said appeal.”
The matter reached us on writs issued at the instance of plaintiff, and we decreed that the appeal taken by defendant from the judgment refusing the preliminary injunction and the stay order above mentioned “in no wise be construed to suspend the executory process”. See Hibernia National Bank of New Orleans v. Mary, La.App,, 167 So.2d 200 (cert. den. 246 La. 876, 167 So.2d 826). Certain other phases of the matter were also before this court and the Supreme Court on two occasions. See No. 1549 of our docket, writs denied; Hibernia National Bank in New Orleans v. Mary, 246 La. 375, 164 So.2d 361, writs denied.
Inasmuch as the Supreme Court refused to review our judgment decreeing that the appeal and the stay order did not suspend the executory process, plaintiff proceeded, and on October 21, 1964, the mortgaged property was sold by the Sheriff of Jefferson Parish under the order of seizure and sale as appears from a certified copy of the Sheriff’s proces verbal, which is registered in Conveyance Book 601, folio 746 and Deed Book “J”, page 337, Jefferson Parish. Defendant’s appeal from the judgment denying the preliminary injunction was not lodged in this court until December 23, 1964, or about sixty days after the Sheriff’s sale had been consummated. Plaintiff-appellee moves to dismiss the appeal on the ground the matter is moot.
The only question presented by the appeal was whether the trial judge properly refused to grant the preliminary injunction in arrest of the sale, and whereas the Sheriff acting under the order of seizure and sale, has sold the mortgaged property, the question whether there was error in the refusal to grant the preliminary injunction has become a moot one. This court could render no decree annulling the sale of the mortgaged property. Therefore, the motion to dismiss the appeal must prevail. Walters v. Childers, 214 La. 531, 38 So.2d 160; State v. Mutual Inv. Co., 214 La. 356, 37 So.2d 817; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; Unity Industrial Life Insurance Co. v. DeJoie, 197 La. 38, 200 So. 813; Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671; Bank of La Fourche v. Barrios, 167 La. 215, 118 So. 893; Gouaux v. Lockport Central Sugar Refining Co., 156 La. 889, 101 So. 255; Ouachita National Bank v. Shell Beach Const. Co., 154 La. 709, 98 So. 160; RDM Corporation v. Macaluso, La.App., 134 So.2d 127.
The motion to dismiss is sustained, and the appeal is dismissed.
Appeal dismissed.