SUMMERS, Justice.
Executory proceedings were instituted by Rosann Fayard to obtain an order of seizure and sale of certain property in the city of New Orleans bearing Municipal No. 1114 Odeon Street. Her petition made Frank A. Celestan and his wife Alma B. .Celestan defendants and set forth that petitioner was the holder of a • note made .and subscribed by defendants dated May 22, 1961 in the principal sum of $10,200 and on which there was an unpaid balance due of $5,766, with interest, attorneys fees, etc. The petition further alleged that the note was secured by a mortgage affecting the Odeon Street property. Since executory process was authorized by the mortgage-im the event of nonpayment of the note .secured thereby, an order of executory process arid notice of demand for payment issued.
Defendant Alma B. Celestan then filed a petition in forma pauperis on June 12, 1968 seeking an injunction to arrest the seizure and sale, alleging as grounds therefor failure of consideration and fraud. On the basis of this pleading, a temporary restraining order issued without bond and a date was set for hearing on a preliminary injunction.
In an obvious attempt to deny Alma Celestan a real and actual interest in the action to enjoin the seizure and sale, Rosann Fayard amended her petition for executory process on June 26, 1968, waived the right to a deficiency judgment and prayed -that the property be sold without appraisement. She also filed an exception of lack of procedural capacity and an exception of no cause or right of action to the petition for injunction.
. The exception of no cause or right of action alleged that the property sought to be seized and sold was the separate and paraphernal property of Frank A. Celestan, and, therefore, his wife Alma B. Celestan had no real or actual interest to demand the arrest of the seizure and sale. Additionally, the exception set forth that, *711 because the amended petition contained a prayer that the property be sold without appraisement, no deficiency judgment could be obtained against Alma B. Celestan; and, we infer, as no detriment would inure to her, she had no real or actual interest to assert, and she could not arrest the seizure and sale.
Without considering the exception of no cause or right of action, the trial court sustained the exception of lack of procedural capacity and dismissed the petition for injunction. But, upon application to the Court of Appeal by Alma B. Celestan, the case was remanded with instructions to rule upon the exception of no cause or right of action, for the Court of Appeal apparently considered that exception the proper vehicle for determining the issue presented.
After remand the trial court maintained the exception of no cause or right of action, and Alma B. Celestan again applied to the Court of Appeal, Fourth Circuit, for supervisory writs. By a memorandum opinion refusing writs, the Court of Appeal reasoned that Alma B. Celestan “has never at anytime had any proprietary interest in Jhe mortgaged property and since in the event of a sale under executory process without appraisement, * * * Relator will be released from any possible liability on the note (see LSA-R.S. 13:4106) the ruling complained of is correct.” We granted writs to review the action taken.
From the pleadings, it appears that the O deoil Street property was inherited by Frank Celestan from his father and mother in 1945. The mortgage in question was executed on May 22, 1961 by Frank Celestan and contained a recitation that he was married once and then to Alma B. Celestan from whom he was separated for 25 years, although not judicially. Alma intervened in this transaction “for the purpose of joining and consenting to the mortgage” and signed the note identified therewith as a comaker with Frank and bound herself “in solido” for the payment thereof.
Later, on March 5, 1962, Frank and Alma joined as vendors in a sale of the mortgaged property to their children Emily Celestan Rose and George Celestan. As part consideration for this sale and transfer the children acknowledged the amount then due on the mortgage and assumed the obligation to pay the balance jointly and solidarity with their parents. Therefore, though they were named as defendants when the petition for executory process was instituted on November 24, 1967, Frank and Alma Celestan had divested themselves of title to the mortgaged property.
The issue thus presented is whether Alma B. Celestan has the right to maintain this action for injunction to arrest the seizure and sale.
Article 681 of the Code of Civil Procedure provides that “Except as otherwise *713 provided by law, an action can be brought only by a person having a real and actual interest which he asserts.”
Alma B. Celestan first contends that her right to sue for injunction is an exception “provided by law” as cdntemplated in Article 681 and, therefore, she need not establish “a real and actual interest.” She asserts the right is contained in Article 2751 of the Code of Civil Procedure when it provides:
“The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the mortgage or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.”
And, it is argued, because Article 2753 does not require “the original debtor” to furnish security for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, her right, as an original mortgagor of the property, to enjoin the seizure and sale is again recognized and “provided by law” in this latter codal article, even though she had transferred title to the property and no deficiency judgment can be obtained against her as a result of the seizure and sale.[1]
Because she has been made a “defendant” by the foreclosing creditor; and because she is an “original debtor”, having joined and consented to the mortgage and signed the mortgage note, we must agree that Alma B. Celestan has the right, under the cited codal articles, to maintain the action for injunction.
Article 2701 of the Code of Civil Procedure permits the foreclosing creditor to bring executory proceedings against the original debtor, and the third person who then owns and is in possession of the property need not be made a party to the pro *715 ceeding.[2] If the seizing creditor may disregard the. alienation and proceed against the original debtor, the original debtor should be and. is given the right to assert defenses and, enjoin the seizure and sale pending determination of the validity of those, defenses.
The cases of Norah v. Crawford, 218 La. 433, 49 So.2d 751 (1950) and Schwartsenburg v. Louisiana Highway Commission, 184 La. 989, 168 So. 125 (1936), cited by counsel for Rosann Fayard to support her position that Alma B. Celestan has no right to enjoin the seizure and sale, are not in point. These cases were decided when Article 15 of the Code of Practice provided : “An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action.” Under the direction of this'legislation, the courts properly held that a party had no right to maintain an' action involving real estate unless he had an interest in the property affected, that is, he must have had a “real interest” to bring an action under the law at that time.
In the case at bar, however, we are governed by Article =681 of the Code of Civil Procedure which superseded Article 15 of the Code of Practice. By the terms of the present Code, Article 681 establishes an exception to the requirement of a real and actual interest when the right to bring the action is “provided by law.” Thus we may first inquire whether there is a law which expressly grants Alma B. Celestan the right to enjoin the seizure and sale, and, if we find that such an authorization exists, we need not inquire whether her interest is “real and actual.” Having found the authorization in Articles 2751 and 2753, the right to maintain the injunction must be upheld. By adopting this view, we do not mean to say that Alma B. Celestan does not have a real and actual interest, only that we need not define it.
For the reasons assigned, the exception of no cause or right of action and the exception of lack of procedural capacity are overruled, and this matter is remanded to the court a quo to proceed with the trial of the injunction on its merits.

. La.Code Civ.Proc. art. 2753 provides:
“The original debtor, bis surviving spouse in community, heirs, legatees, and legal representative are not required to furnish security for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, when the injunctive relief is applied for solely on one or more of the following grounds:
“(1) The debt secured by the mortgage or privilege is extinguished or prescribed;
“(2) The enforcement of the debt secured by the mortgage or privilege is premature, either because the original term allowed for payment, or any extension thereof granted by the creditor, had not expired at the time of the institution of the executory proceeding;
“(3) The act evidencing the mortgage or privilege is forged, or the debtor’s signature thereto was procured by fraud, violence, or other unlawful means;
“(4) The defendant in the executory proceeding has a liquidated claim to plead in compensation against the 'debt secured by the mortgage or privilege; or
“(5) The order dii’eeting the issuance of the writ of seizure and sale was rendered without sufficient authentic evidence having ^Jxeen submitted to the court, or the evidence submitted was not actually authentic.”

. La.Code Civ.Proe. art. 2701 provides:
' “A mortgage or privilege evidenced by authentic act importing a confession of judgment, affecting property sold by the driginal debtor or his legal successor to a third person, may be enforced against the property without reference to any sale or alienation to the third person. The executory proceeding may be brought against the original debtor, his surviving spouse in community, heirs, legatees, or legal representative, as the case may be. The third person who then owns and is in possession of the property need not be made a party to the proceeding.”