ON MOTION TO DISMISS
HALL, Judge.
Rosann Fayard, appellee herein, filed this motion seeking dismissal of a devolu-tive appeal taken by appellant, Alma Belcher Celestan, from a judgment denying her application for a preliminary injunction enjoining the sale under executory process of certain mortgaged property.
The record reveals the following pertinent facts:
Rosann Fayard as holder and possessor of a certain promissory note payable to bearer executed by Frank A. Celestan and Alma Belcher Celestan and secured by mortgage on certain property situated in the City of New Orleans, brought foreclosure proceedings thereon via ejecutiva. The order for executory process was duly signed and a writ of seizure and sale was issued. Subsequent to the issuance of the writ and the service of the notices of demand Alma Belcher Celestan filed a petition in which she sought to enjoin the sale alleging failure of consideration, fraud, and further alleged that Rosann Fayard was not the true owner of the note.
The seizing creditor filed certain exceptions to the petition for injunction which were maintained by the Trial Court but subsequently overruled by the Supreme Court which remanded the case for trial. See the opinion of the Supreme Court reported in 253 La. 708, 219 So.2d 504.
Pursuant to remand the matter was heard on the rule nisi and resulted in a judgment dated May 2, 1969 denying the preliminary injunction.
On June 17, 1969 Alma Belcher Celes-tan appealed devolutively from the judgment of May 2, 1969. The record on appeal was lodged in this Court on September 23, 1969. In the meanwhile the Sheriff proceeded with the advertisement of the property pursuant to the writ of seizure and sale and on July 31, 1969 the mortgaged property was sold at public auction by the Sheriff and was adjudicated to High-pockets, Inc. The Sheriff’s deed was executed on September 4, 1969 and duly registered in the Conveyance Office on September 4, 1969 and recorded in the Sheriff’s Deed Book on September 12, 1969.
Appellee, Rosann Fayard, bases her motion to dismiss on the ground that since the sale has already taken place all matters presented by this appeal are now moot.
The identical question posed by this motion to dismiss has been decided by our Appellate Courts on numerous occasions. Some of these decisions are cited in the following excerpt which we quote from the decision of this Court in Hibernia National Bank in New Orleans v. Mary, 174 So.2d 200 (writ refused 247 La. 1084, 176 So.2d 144):
“The only question presented by the appeal was whether the trial judge properly refused to grant the preliminary injunction in arrest of the sale, and whereas the Sheriff acting under the order of seizure and sale, has sold the mortgaged property, the question whether there was error in the refusal to grant the preliminary injunction has become a moot one. This court could render no decree annulling the sale of the mortgaged property. Therefore, the motion to dismiss the appeal must prevail. Walters v. Childers, 214 La. 531, 38 So. 2d 160; State v. Mutual Inv. Co., 214 La. 356, 37 So.2d 817; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; Unity In *797 dustrial Life Insurance Co. v. DeJoie, 197 La. 38, 200 So. 813; Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671; Bank of La Fourche v. Barrios, 167 La. 215, 118 So. 893; Gouaux v. Lockport Central Sugar Refining Co., 156 La. 889, 101 So. 255; Ouachita National Bank v. Shell Beach Const. Co., 154 La. 709, 98 So. 160; RDM Corporation v. Macaluso, La.App., 134 So.2d 127.” • • - .-
Since the sale has already taken place there is no order or judgment this Court could render which would grant appellant the relief she seeks or undo that which has already been done.
However, in her opposition to the motion to dismiss appellant alleges that the foreclosing creditor, Rosann Fayard, was merely a nominal party in these proceedings, and that the real party who owned the mortgage was Highpockets Syndicate and that Highpockets, Inc. to whom the property was adjudicated at the Sheriff’s sale is the successor of Highpockets Syndicate. Appellant takes the position that the sale therefore results in the property being conveyed to the original plaintiff and that there being no innocent third party to protect, the Court could order the property held by Highpockets, Inc. until a final determination of this appeal. Assuming arguendo the correctness of appellant’s factual allegations we still could not render the order suggested by appellant for to do so would be equivalent, in effect, to converting this devolutive appeal from the refusal of a preliminary injunction into a suspensive appeal from the order of execu-tory process, and moreover to do so without bond.
The thrust of appellant’s argument is that no innocent purchaser will be harmed by the order suggested by her. However, it is firmly established in the jurisprudence that the validity of a judicial sale under a judgment of Court of competent jurisdiction is not affected by the subsequent reversal of the judgment on devolu-tive appeal, and such rule applies even if the property is purchased by the judgment creditor. See discussion of this matter in Wetherbee v. Lodwick Lumber Co., Inc., 194 La. 352, 193 So. 671, 679.
For the foregoing reasons the motion to dismiss is sustained and the appeal is dismissed.
Appeal dismissed.