WBL SPE I, LLC     *     NO. 2020-CA-0042

VERSUS     *

    COURT OF APPEAL

HERMAN HENRY     *
STEVENSON III A/K/A

    FOURTH CIRCUIT

HERMAN H. STEVENSON III     *

    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-09152, DIVISION "B-1"
Honorable Rachael Johnson,
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Regina Bartholomew-Woods, Judge Paula A. Brown,
Judge Dale N. Atkins)

Mark C. Landry
NEWMAN MATHIS BRADY & SPEDALE, PLC
433 Metairie Road, Suite 600
Metairie, LA 70005
    COUNSEL FOR PLAINTIFF/APPELLEE

Herman H. Stevenson III
P.O. Box 740296
New Orleans, LA 70174
    PRO SE DEFENDANT/APPELLANT

**APPEAL DISMISSED AS MOOT**
**FEBRUARY 24, 2021**

*RBW*

*PAB*

*DNA*

In this civil appeal, Appellant mortgaged his immovable property to secure a promissory note for a third party that he personally guaranteed; and a mortgage in favor Appellant's property was executed to secure the promissory note and the guarantee. When the third party failed to make payments associated with the promissory note, Appellee filed a petition to enforce the note, guarantee, and mortgage through ordinary process. Once Appellee obtained a judgment against the mortgaged property and it became executory, Appellee sought a writ of *fieri facias*. After being denied a preliminary injunction to halt the seizure and sale of the mortgaged property, Appellant sought an appeal with this Court. While the instant appeal was pending, Appellant's property was sold at public auction. Thus, Appellee filed a motion to dismiss the appeal as moot. For the reasons that follow, we grant the motion and dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 2, 2017, Dwight Anthony Reed a/k/a Dwight Reed d/b/a R&A Contractors ("Mr. Reed") executed a promissory note in the principal amount of $50,000.00 payable to World Business Lenders, LLC.[1] On that same day, Defendant-Appellant, Herman Henry Stevenson, III a/k/a Herman H. Stevenson, III, ("Mr. Stevenson") executed a continuing guaranty of the promissory note executed by Mr. Reed to guarantee and bind himself, *in solido*.[2] These obligations were secured by an act of multiple indebtedness mortgage[3] executed by Mr. Stevenson on June 2, 2017. The mortgage was recorded in the mortgage records in Orleans Parish at MIN 1269643. The mortgage encumbered an immovable property located at 3033 Clouet Street, New Orleans, Louisiana 70126 ("the property"), which Mr. Stevenson owned.[4] On June 27, 2017, World Business Lenders, LLC assigned the promissory note and mortgage to Plaintiff-Appellee, WBL-SPO I, LLC ("WBL").[5]

---

[1] The promissory note stipulated an interest rate of 0.136958904110 per day until paid, and payable in installments of $252.58 with each payment due each business day, with the first payment due on June 8, 2007, and the final payment of $251.76 due on June 8, 2018. The promissory note was executed electronically pursuant to La. R.S. 9:2607(C) and (D) and La. R.S. 9:2616(A)(1).

[2] The guarantee was duly acknowledged before a notary and executed electronically pursuant to La. R.S. 9:2607(C) and (D) and La. R.S. 9:2616(A)(1).

[3] "Multiple Indebtedness Mortgages are those which secure future indebtedness." *Cmty. Dev. Capital v. Hous. Corp. of Am.*, 2019-0045, p. 7 (La. App. 4 Cir. 7/31/19), -- So.3d --, 2019 WL 3470936 at *4; La. C.C. art. 3298.

[4] The property was not Mr. Stevenson's residence.

[5] In the appellate brief, WBL explained the petition contained a clerical error that incorrectly referred to WBL as WBL SPE I, LLC (instead of WBL SPO, I, LLC); this error was corrected on April 25, 2019, through the filing of a supplemental and amending petition. However, the typographical error appears in other pleadings filed in this matter. The typographical error does not affect the substantive rights of the party. To avoid perpetuating the typographical error, this Court will refer to the party as WBL throughout this Opinion.

On September 22, 2017, WBL filed a petition alleging that the promissory note was in default, thus, due and payable in full. WBL sought the following: to exercise its option to accelerate all sums due under the promissory note; a money judgment against Mr. Stevenson on his guarantee; and recognition of the mortgage that secured the obligation.[6] Citation of personal service was perfected on Mr. Stevenson on December 27, 2017. On January 22, 2018, WBL filed a motion for preliminary default because Mr. Stevenson failed to file an answer to the petition. On January 24, 2018, the trial court granted the preliminary default against Mr. Stevenson. On March 21, 2018, WBL filed a motion for confirmation of the January 24, 2018 preliminary default judgment. On July 10, 2018, the trial court denied WBL's motion to confirm the January 24, 2018 preliminary default judgment.

It was not until August 14, 2018, that Mr. Stevenson filed an answer to WBL's original petition. On October 17, 2018, WBL filed a motion for summary judgment. Citation of personal service was perfected on Mr. Stevenson on November 5, 2018. Mr. Stevenson did not file an opposition to the motion for summary judgment. On January 4, 2019, the trial court granted summary judgment in favor of WBL, granted a money judgment against Mr. Stevenson, and recognized the mortgage. On January 7, 2019, the notice of signing of the

---

[6] In the petition, WBL asserted that despite amicable demand, Mr. Reed failed and refused to pay the installments due. The amounts due and owing are as follows: the principal sum of $46,433.53, plus interest of $3,626.47 that accrued through September 5, 2017, plus interest on the principal balance from September 6, 2017, at a rate of 0.136958904110% until paid, NSF fees of $385, a prepayment penalty of $11,406.47, plus reasonable attorney's fees.

judgment was mailed to Mr. Stevenson. Mr. Stevenson did not file a motion for a new trial[7] or a motion to appeal the judgment.[8]

Pursuant to the judgment granting summary judgment, WBL sought a writ of *fieri facias*[9] on March 7, 2019, which the trial court granted on March 8, 2019. On April 16, 2019, WBL filed a motion to appoint a special deputy because the sheriff had been unable, after numerous attempts, to effect service of process of the writ of *fieri facias* on Mr. Stevenson. On April 22, 2019, the trial court signed the order and appointed Curtis Stallworth, a licensed private investigator, to effect service of process on Mr. Stevenson. On June 10, 2019, Mr. Stevenson filed a supplemental answer and amending petition to dismiss.

In his July 2, 2019 affidavit, Mr. Stallworth stated that he attempted service on Mr. Stevenson at numerous addresses: 2220 Beck Street, New Orleans, Louisiana 70131; 3417 N. Villere Street, New Orleans, Louisiana 70117; 4674 Galahad Drive, New Orleans, Louisiana 70127; and 3033 Clouet Street, New Orleans, Louisiana 70126. All attempts were unsuccessful. Mr. Stallworth stated

---

[7] The last day when Mr. Stevenson could have timely filed a motion for new trial was January 16, 2019.

[8] The last day when Mr. Stevenson could have timely filed a motion for suspensive appeal was February 15, 2019. The last day when Mr. Stevenson could have filed a motion for devolutive appeal was March 18, 2019.

[9] This Court has explained that "[o]nly a 'judgment for the payment of money may be executed by a writ of *fieri facias* directing the seizure and sale of property of a judgment debtor.' La. C.C.P. art. 2291. 'An essential requirement to the issuance of a writ of *fieri facias* is a money judgment.' *King v. Illinois Nat. Ins. Co.,* [20]08-1491, p. 10 (La.4/3/09), 9 So.3d 780, 786, *citing Madere v. Madere,* [19]95-088 (La. App. 5 Cir. 5/30/95), 656 So.2d 1108, 1109, *rev'd on other grounds per curiam,* [19]95-1635 (La.10/16/95), 660 So.2d 1205. Absent a final money judgment, there is nothing for a judgment creditor to execute through a writ of [*fieri facias*]. *Id.*" *Morris, Lee & Bayle, LLC v. Macquet,* 2014-1080, pp. 10-11 (La. App. 4 Cir. 3/23/16), 192 So.3d 198, 206 (internal citations omitted).

that he twice spoke with Mr. Stevenson by telephone and that Mr. Stevenson refused to accept service because "they were trying to take his house and that [he] had filed paperwork with the court this week pertaining to this matter." Mr. Stallworth further stated that Mr. Stevenson explained that he was "buying time" by refusing service. On July 2, 2019, WBL filed a motion to appoint an attorney to represent Mr. Stevenson. On that same date, the trial court signed the order and appointed Attorney Shirnell T. Jackson to represent Mr. Stevenson. On July 16, 2019, citation of service was perfected on Attorney Jackson.

The following day, on July 17, 2019, Mr. Stevenson filed a motion for dismissal of summary judgment, and the trial court set a hearing for August 23, 2019. On July 25, 2019, WBL filed a memorandum in opposition to Mr. Stevenson's motion for dismissal of summary judgment. At the August 23, 2019 hearing on the motion for dismissal of summary judgment, counsel for WBL failed to appear; however, Mr. Stevenson appeared and made an oral complaint to the trial court that service of process was not perfected, so the trial court continued the matter and reset the hearing to October 4, 2019.[10]

On September 17, 2019, Attorney Jackson filed a curator's note of evidence. On September 23, 2019, Mr. Stevenson filed a motion seeking a preliminary injunction to prevent the sale of his property. On September 24, 2019, the trial court granted the preliminary injunction and set a hearing on the motion for

---

[10] The trial court was concerned because Mr. Stevenson was appearing in proper person/*pro se* and he raised concerns that he had not been properly served. Notably, Mr. Stevenson had not raised the issues regarding lack of service in any pleadings before the trial court. After an evidentiary hearing, the trial court concluded that Mr. Stevenson had been properly served.

October 4, 2019. Also on September 24, 2019, WBL filed a motion to fix bond on the preliminary injunction. The property was set for sale on September 26, 2019, but was not sold on that date. On September 26, 2019, the trial court granted WBL's motion and ordered a bond on the preliminary injunction in the amount of $3,000.00. Also on September 26, 2019, WBL filed an exception of no cause of action and improper use of summary proceedings. At the October 4, 2019 hearing, the trial court denied the motion for dismissal of summary judgment. On October 11, 2019, Mr. Stevenson filed a motion for a status quo hearing, which the trial court denied on that same day. On October 15, 2019, the trial court issued a written judgment, which denied the motion for dismissal of summary judgment; denied as moot the exception of no cause of action and the exception of improper use of summary proceedings; dissolved, vacated, and set aside the September 24, 2019 order granting the preliminary injunction; and dismissed, with prejudice, the September 23, 2019 motion seeking a preliminary injunction.

On October 23, 2019, Mr. Stevenson filed a motion for suspensive appeal from the trial court's October 15, 2019 judgment;[11] the trial court, on that same date, granted a motion for devolutive appeal.[12] The trial court set a return date of

---

[11] "A suspensive appeal is one that suspends the effect or the execution of an appealable judgment. La. [C.C.P.] art. 2123. Although no security is required for a devolutive appeal, the appellant must furnish security for a suspensive appeal, and a suspensive appeal bond must provide that the surety is liable for the amount of the judgment. La. [C.C.P.] art. 2124." *Wright v. Jefferson Roofing, Inc.*, 630 So.2d 773, 775 (La. 1994).

[12] The trial court crossed out "suspensive," wrote in "devolutive," and granted the motion for appeal. This Court has explained that "an appeal which fails for some reason as a suspensive appeal, will be considered as a devoluative appeal." *New Orleans Redevelopment Auth. v. Schreiner,* 2004-0705, p. 4 (La. App. 4 Cir. 11/23/04), 899 So.2d 19, 22 (citations omitted).

November 22, 2019. Also on October 23, 2019, Mr. Stevenson filed a motion seeking an *ex parte* permanent injunction, which the trial court denied. On January 14, 2020, Mr. Stevenson's appeal was lodged with this Court.

On February 13, 2020, the Orleans Parish Sheriff, pursuant to a writ of *fieri facias* sold the property at public auction; WBL, the highest bidder, purchased the property.

In accordance with this Court's briefing schedule, Mr. Stevenson's appellate brief was due on or before February 10, 2020, but he failed to lodge his brief by that date. It was not until July 22, 2020, that Mr. Stevenson filed a motion for extension of time to file his appellate brief. This Court granted the motion and set a due date of July 31, 2020; however, Mr. Stevenson failed to lodge his appellate brief by that date. On August 6, 2020, Mr. Stevenson filed his second motion of extension of time to file his appellate brief. This Court, in light of Covid-19, granted the motion as the final extension of time and set a new due date of September 21, 2020. On September 21, 2020, Mr. Stevenson filed his appellate brief with this Court.[13] On September 30, 2020, Mr. Stevenson filed a motion to refile his brief, which this Court granted. On October 7, 2020, Mr. Stevenson filed

---

[13] In Mr. Stevenson's September 21, 2020 appellate brief, he provided the following "Statement of Issues":

> Whether an effort by the defendant to show the lower court that wrongful disclosure action was submitted within the court, and the service provider, the holder of the note, causing this illegal Judicial foreclosure of defendant property. And the denial of defendant's motion to dismiss this action from means of fraud, with the Unauthenticated Signature of the Mortgage by means of partnerships.

7

a revised appellate brief.[14] Although both Mr. Stevenson's September 21, 2020 brief and October 7, 2020 brief contained substantively similar sections entitled "Statements of Issues," Mr. Stevenson failed to raise or brief assignments of error.[15]

On March 23, 2020, WBL filed a motion to dismiss the appeal as moot. WBL asserts that because the property at issue had been sold on February 13, 2020, pursuant to a writ of *fieri facias*, by the Orleans Parish Sheriff, Mr. Stevenson's request for injunctive relief to prevent the sale of the property is moot.

## DISCUSSION

The Louisiana Fifth Circuit Court of Appeal was faced with a case similar to the instant matter. In *U.S. Bank Nat'l Ass'n as Tr. for Banc of Am. Funding Corp.,*

---

[14] In his October 7, 2020 appellate brief, Mr. Stevenson provided the following "Statements of Issues":

> Whether an effort by the defendant to show the lower court that a wrongful disclosure action was submitted within the court by means of fruad,[sic] and the service provider, the holder of said note, causing this illegal judcial [sic] foreclosure of the defendant's property. The denial of defendant's motions to have this claim against his property dismissed from the Unauthenticated Signature the Mortgagor and the Borrower, by means of the partnerships.

[15] Pursuant to Uniform Rules, Courts of Appeal, Rule 2 – 12.4(A)(5), an appellant's brief must include "assignments of alleged errors." Further, Uniform Rules, Courts of Appeal, Rule 2-12.4(B)(4), "[a]ll assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error or issue for review which has not been briefed." Further, Uniform Rules, Courts of Appeal, Rule 1-3 provides, in pertinent part, that "Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." In *Chaumont v. City of New Orleans*, the appellant "mention[ed]" assignments of error, "but fail[ed] to fully argue the merits thereof;" accordingly, this Court considered those assignments of error abandoned and declined to consider such. 2020-0017, pp. 4-5 (La. App. 4 Cir. 6/3/20), 302 So.3d 39. Further, "[i]t is well established that as a general matter, appellate courts will not consider issues raised for the first time, which were not pleaded in the trial court below and which the trial court has not addressed." *Billieson v. City of New Orleans,* 2009-0410, p. 8 (La. App. 4 Cir. 11/12/09), 26 So.3d 796, 802 (internal citations omitted).

> Here, Mr. Stevenson failed to raise or brief specific assignments of error on appeal. Accordingly, we will not address Mr. Stevenson's arguments.

*Mortgage Pass-Through Certificates, Series 2004-2 v. Lowe*, the appellant

executed a promissory note, which he secured by a mortgage on his rental property

and the appellee became the holder of the note. The appellee alleged that the

appellant failed to make payments on the promissory note and sought executory

process to enforce its rights. The trial court ordered a writ of seizure and sale[16] of

the appellant's property. Thereafter, the appellant sought injunctive relief, which

the trial court granted and set a hearing to show cause. The appellee filed a motion

for summary judgment; the appellant failed to file an opposition or to appear, so

the trial court granted summary judgment in favor of the appellee. The appellant

filed a motion for devolutive appeal. Two days later, the appellant's property was

sold. On appeal, the court explained

> A suspensive appeal taken within fifteen [15] days from
> the issuance of the writ of seizure and sale suspends its
> execution during the pendency of the appeal, and
> the property cannot be sold. On the other hand, if a
> defendant chooses to seek injunctive relief and the [t]rial
> [c]ourt denies it, there is no right to a suspensive appeal,
> La. C.C.P. art. 3612, and while there is a right to a
> devolutive appeal, more probably than not,
> the property will be sold while the appeal is pending.
>
> Appellant's notice of appeal failed to request a stay of the
> proceedings pending appeal to prevent the sale. Under
> La. [C.C.P. art.] 3612, only the injunctive proceeding can
> be stayed during the pendency of the appeal. It does not
> suspend the executory proceeding unless ordered by the
> court. *Associates Financial Services of America, Inc. v.
> Eliser*, 468 So.2d 33, 35 (La. App. 5 Cir. 1985). As this
> Court has previously cautioned in *Greater New Orleans
> Homestead Ass'n v. Washington Square Co.,* 514 So.2d

---

[16] "A writ of *fieri facias* is used to seize property in the enforcement of a mortgage by ordinary proceedings whereas a writ of seizure and sale is used to seize property to enforce a mortgage in executory proceedings." § 16:37. Effect of appraisal, 1 La. Prac. Real Est. § 16:37 (2d ed.)

251, 252-53 (La. App. 5 Cir. 1987), *writ denied*, 516 So.2d 372 (La. 1988):

> [T]he defendant who chooses to present defenses to the seizure and sale by way of a petition for injunctive relief takes, as did the defendant here, the substantial risk that the property will be sold before an appellate court has had an opportunity to consider the merits of an appeal from the denial of injunctive relief. *Acme, supra* at page 947. Thus, the lack of appellate review results from defendant's choice as to the procedure elected to assert his defenses.

19-411, p. 3 (La. App. 5 Cir. 3/17/20), 293 So.3d 743, 746.

In another substantially similar case decided by this Court, the appellee sought a devolutive appeal, but while the matter was pending, the property was sold at public auction. This Court, in *Fayard v. Celestan,* explained

> The identical question posed by this motion to dismiss has been decided by our Appellate Courts on numerous occasions. Some of these decisions are cited in the following excerpt[,] which we quote from the decision of this Court in *Hibernia National Bank in New Orleans v. Mary*, 174 So.2d 200 (writ refused 247 La. 1084, 176 So.2d 144):
>
> 'The only question presented by the appeal was whether the trial judge properly refused to grant the preliminary injunction in arrest of the sale, and whereas the Sheriff acting under the order of seizure and sale, has sold the mortgaged property, the question whether there was error in the refusal to grant the preliminary injunction has become a moot one. This court could render no decree annulling the sale of the mortgaged property. Therefore, the motion to dismiss the appeal must prevail.'
>
> . . .
>
> Since the sale has already taken place there is no order or judgment this Court could render which would grant appellant the relief she seeks or undo that which has already been done.

227 So.2d 795, 796-97 (La. App. 4th Cir. 1969).

We find applicable, to the instant appeal, the holdings of both *U.S. Bank Nat'l Ass'n as Tr. for Banc of Am. Funding Corp., Mortgage Pass-Through Certificates, Series 2004- 2* and *Fayard.* Here, Mr. Stevenson did not seek a suspensive appeal within fifteen (15) days of the trial court's granting of the writ of *fieri facias*. Rather, Mr. Stevenson later sought injunctive relief, which the trial court ultimately denied. Thereafter, Mr. Stevenson sought a suspensive appeal, which the trial court, pursuant to La. C.C.P. art. 3612,[17] properly denied. Instead, the trial court granted Mr. Stevenson a devolutive appeal on October 23, 2019, which had no legal effect on the execution of the writ of *fieri facias* against the property. As such, while Mr. Stevenson's appeal was pending before this Court, the property was sold at public auction on February 13, 2020. This Court, in *Acme Mortgage Co., Inc. v. Cross*, explained that "in cases such as this one, where the [t]rial [c]ourt has refused to grant a preliminary injunction, a suspensive appeal is inappropriate since there is no injunctive order to suspend." 464 So.2d 945, 946 (La. App. 4th Cir. 1985); *Hibernia National Bank v. Mary,* 167 So.2d 200 (La.

---

[17] Pursuant to LA. C.C.P. art. 3612:

> A. There shall be no appeal from an order relating to a temporary restraining order.
>
> B. An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
>
> C. An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
>
> D. Except as provided in this Article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.

App. 4th Cir. 1964). Therefore, since the object of the instant appeal, the property, has been sold at public auction, and consistent with the applicable jurisprudence, we grant WBL's motion and dismiss the appeal as moot.

## CONCLUSION

For the aforementioned reasons, we grant the motion and dismiss the appeal as moot.

**APPEAL DISMISSED AS MOOT**